IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

TIHOMIR DJUKIC,

                Petitioner,

                                       Civ. Action No.
                                       5:02-CV-1149 (NAM/DEP)

   vs.

MIRJANA BASARA,

                Respondent.

_____

APPEARANCES:                          OF COUNSEL:

FOR PETITIONER:

BOND, SCHOENECK, & KING, LLP     BRODY SMITH, ESQ.
One Lincoln Center                        MARIA P. VITULLO, ESQ.
Syracuse, New York 13202-1355

FOR RESPONDENT:

LITTMAN LAW OFFICE               PETER N. LITTMAN, ESQ.
308 North Tioga Street
Ithaca, New York 14850

CORNELL LEGAL AID                JOANNE M. MINER, ESQ.
Cornell University
Myron Taylor Hall
Ithaca, New York 14853

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

In September of 2002 petitioner Tihomir Djukic, who lives in the Republic of Serbia, commenced this proceeding pursuant to the International Child Abduction Remedies Act, 42 U.S.C. § 11603(b), seeking custody of his son, who is currently residing within the Northern District of New York with the child's mother.  Dkt. No. 1.  Petitioner, who is represented by counsel assigned by the court to represent him *pro bono*, was directed by court order to appear for deposition in the Northern District of New York on or before May 31, 2006.  Based upon petitioner's failure to appear for deposition, as required, coupled with the representation by petitioner's counsel that he does not intend to appear in the United States for deposition in compliance with that order, I recommend that his petition be dismissed.

I. BACKGROUND

Petitioner commenced this proceeding on September 6, 2002.  Dkt. No. 1.  In light of the complexity of the action and complications presented by the fact that the petitioner resides in Serbia and does not speak fluent English, I issued an order on January 7, 2004 appointing the firm of Bond, Schoeneck & King, LLP to represent Mr. Djukic, *pro bono publico*.  Dkt.

No. 23. Since that time, petitioner's appointed attorneys have become actively involved in the case, and have extended a great deal of time and effort, which is appreciated by the court, in representing the petitioner despite these adversities.

On several occasions throughout the course of this proceeding, respondent has indicated to the court her desire to take petitioner's deposition in the United States. The issue was addressed during a digitally recorded telephone conference held on December 7, 2004, at which time I denied both petitioner's request for a protective order, without prejudice, and respondent's related application for an order compelling discovery. Dkt. No. 48. Those determinations were memorialized in an order issued on December 8, 2004. Dkt. No. 49.

The matter was again raised by the parties during a telephone conference conducted on February 3, 2005, with petitioner expressing a desire to seek a protective order and respondent again requesting an order compelling discovery. A briefing schedule was established to address the issue, and oral argument was subsequently heard with regard to the parties' cross-motions on April 27, 2005. Following argument a decision was rendered from the bench and later memorialized in an order

3

issued on April 28, 2005, denying petitioner's request for a protective order and granting respondent's cross-motion, and further directing that petitioner appear at a mutually convenient date, time and location within the Northern District of New York for deposition on or before July 31, 2005.  Dkt. No. 60.  That order also advised that in the event of petitioner's non-compliance with its requirements, without justification, an order would be entered ordering appropriate relief under Rule 37 of the Federal Rules of Civil Procedure.  *Id.*  That order was upheld on appeal by a memorandum-decision and order issued by Chief District Judge Norman A. Mordue on March 20, 2006.  Dkt. No. 66.

Following the entry of Chief District Judge Mordue's order affirming my determination, I issued a text order directing petitioner to appear for deposition within the Northern District of New York on or before May 31, 2006, and specifically advising that in the event of his failure to appear for deposition within that time frame a report and recommendation would be issued urging dismissal of the proceeding.  *See* docket entry dated 3/27/06.  During a telephone conference conducted by the court on May 18, 2006, petitioner's counsel advised that for the reasons previously enunciated, his client did not intend to appear for the deposition as

required.[1]

## II.  DISCUSSION

Mr. Djukic's failure to comply with this court's order compelling discovery provides a dual basis for dismissal of his petition.  Rule 37(b) of the Federal Rules of Civil Procedure articulates several potential sanctions available to the court in the event of a failure to comply with an order compelling discovery; among those available remedies is an order "dismissing the action or proceeding or any part thereof[.]"  Fed. R. Civ. P. 37(b)(2)(C).  *See Valentine v. Museum of Modern Art*, 29 F.3d 47, 48-49 (2d Cir. 1994).  In addition, it is well established that under Rule 41(b) of the Federal Rules of Civil Procedure dismissal for failure to prosecute and to comply with the court's legitimate instructions is appropriate under circumstances such as those now presented.  Fed. R. Civ. P. 41(b); *Link v. Wabash RR Co.*, 370 U.S. 626, 633, 82 S. Ct. 1386, 1390 (1962); *see also E.G. Bergerstock v. County of Cayuga, NY*, 5:00-CV-1360, Dkt. No. 48 (N.D.N.Y. July 25, 2003) (Mordue, J.); *Williams v. Faulkner*, No. 95-CV-741, 1998 WL 278288, at *1-*2 (N.D.N.Y. May 20, 1998) (Pooler, J. &

---

[1]  The deadline date has now passed, and the court has been given no reason to believe that petitioner did in fact appear, as required, despite his counsel's assurance to the contrary.

Scanlon, M.J.); *see also* N.D.N.Y.L.R. 41.2.

In this instance, petitioner chose to initiate suit in this district more than three years ago. His actions since the commencement of this proceeding, however, are not those of a litigant genuinely interested in vigorously pursuing his claims and cooperating with the court and his adversaries to assure a fundamentally fair proceeding and a result which is both prompt and just. In light of the petitioner's flagrant, intentional and unexcused failure to obey court orders requiring him to appear for deposition in this proceeding, I recommend dismissal of his petition. *See Carmona v. Wright*, 233 F.R.D. 270, 277 (N.D.N.Y. 2006) (Sharpe, J.).

### III.   SUMMARY AND RECOMMENDATION

Petitioner, who commenced this proceeding in this court, has failed to comply with a court order that he appear for deposition within this district. Based upon his failure to comply with that legitimate court directive, I recommend that his petition be stricken, and this proceeding be dismissed in its entirety. In light of the financial circumstances detailed in prior court submissions, however, I recommend against the issuance of an award of expenses and sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, finding that petitioner's situation would

make an award unjust.

Based upon the foregoing it is hereby

RECOMMENDED that the petition in this matter be stricken and this proceeding be DISMISSED in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties electronically.

David E. Peebles
U.S. Magistrate Judge

Dated: June 7, 2006
Syracuse, NY